**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

| | |
|---|---|
| Tommy Brown,<br>　　　　　　Plaintiff, | Court File No. _____ |
| v. | **NOTICE OF REMOVAL** |
| Lifetime Advisors, LLC; Jon LaCasse;<br>Ian Grove; Tony Mohlman; and Anthony<br>Amatore<br><br>　　　　　　Defendants. | |

---

Defendant Jon LaCasse ("LaCasse"), by and through the undersigned counsel, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby notices removal of the state-court civil action captioned *Tommy Brown v. Lifetime Advisors, LLC, et al.*, Case No. 2023CV000211, from the Circuit Court for St. Croix County, Wisconsin ("the State Court Action"), to the United States District Court for the Western District of Wisconsin, and in support thereof, states as follows:

**PROCEDURAL HISTORY**

1.     This action is being removed to federal court based on diversity of citizenship jurisdiction.

2.     On July 2, 2026, Plaintiff Tommy Brown ("Plaintiff" or "Brown") served the Amended Summons and Amended Complaint upon LaCasse. A true and correct copy of this Amended Summons and Amended Complaint are attached hereto as **Exhibit A**.

3.     As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because LaCasse has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S. C. § 1332(a).

**GROUNDS FOR REMOVAL**

**I.     Defendant has satisfied the procedural requirements for removal.**

4.     LaCasse was served with the Amended Summons and Amended Complaint at his home in Minnesota on July 2, 2026, as reflected in the affidavit of service attached hereto as **Exhibit B**. Removal is therefore timely under 28 U.S.C. § 1446(b) because this Notice is filed within the thirty days the 30-day deadline.

5.     Concurrently with the filing of this Notice of Removal, Defendant is giving written notice of removal to Brown (by serving Brown with a copy of this Notice of Removal, together with all exhibits) and by filing a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. § 1446(d).

**II.     Removal is proper because this Court has subject matter jurisdiction.**

6.     United States District Courts are vested with jurisdiction to consider "all civil actions where the atter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States…." 28 U.S.C. § 1332(a).

7.     Removal of such cases is governed by 28 U.S.C. § 1441(a). Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there exists complete diversity between Brown and Defendants, and because the amount in controversy exceeds the sum of value of $75,000, exclusive of interest and costs.

9.    The Amended Complaint alleges Plaintiff Tommy Brown is a resident of Edwardsville, Madison County, Illinois.

10.    The Complaint correctly notes that Lifetime Advisors, LLC is a Wisconsin limited liability company with its principal office in Hudson, St. Croix County, Wisconsin. For citizenship purposes, however, a limited-liability company is a citizen of the states where its members are citizens, not where it is incorporated and has its principal place of business. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (2006) ("The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members."); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) ("The citizenship of an LLC is the citizenship of each of its members.").

11.    The current members of Lifetime Advisors, LLC are LaCasse, Ian Grove, Jeffrey Mohlman, Anthony Amatore, and Mark Czuchry.

12.    LaCasse is a citizen of Minnesota, although Plaintiff contends in the Complaint that he is a resident of Wisconsin. LaCasse accordingly submits a Declaration concurrently herewith regarding his citizenship status to support diversity.

13.    Defendant Ian Grove is a citizen of the state of Ohio.

14.    Defendant Tony Mohlman is a citizen of the state of Arizona. Tony Mohlman is not a current member of Lifetime Advisors, LLC, however. Jeffrey Mohlman is a member of Lifetime Advisors, LLC, and he is also a citizen of the state of Arizona.

15.    Defendant Anthony Amatore is a citizen of the state of Florida.

16.    Member Mark Czuchry is a citizen of the state of Minnesota.

17.    Because Grove is a citizen of Ohio, Jeffrey Mohlman is a citizen of Arizona, Amatore is a citizen of Florida, and LaCasse and Czuchry are residents of Minnesota, Lifetime Advisors, LLC is a citizen of Ohio, Arizona, Florida, and Minnesota.

18.    LaCasse has obtained, or will promptly obtain, written consent to removal from all properly served and joined defendants as required by 28 U.S.C. § 1446(b)(2)(A). The current service status is as follows:

  a. Lifetime Advisors, LLC was served with the Amended Complaint on June 11, 2026;

  b. Ian Grove has not been served;

  c. Tony Mohlman has not been served; and

  d. Anthony Amatore has not been served.

Additional written consents will be filed as separate docket entries or appended hereto once received.

4

19.    None of the Defendants are citizens of the forum state.

20.    Because Brown is a citizen of Illinois and Defendants are citizens of Ohio, Arizona, Florida, and Minnesota, there is complete diversity of citizenship as between Plaintiff and Defendants. *Slottke v. Wis. Dep't of Workforce Dev.*, 734 Fed. Appx. 354, 355 (2018) ("diversity jurisdiction requires complete diversity, meaning that no defendant may be a citizen of the same state as the plaintiff").

21.    Brown alleges that as a former member of Lifetime Advisors, LLC, he is entitled to a 20% membership interest in Lifetime Advisors, LLC (*see* Amended Compl. ¶¶ 1, 11, 12). LaCasse acknowledges that a 20% present membership interest represents an amount in excess of $75,000. In addition, in paragraph 22 of Brown's Amended Complaint, he identifies an April 7, 2023 "written demand for payment on Lifetime's counsel relating to his claims against Lifetime." Brown's April 7, 2023, written demand requested damages far in excess of $75,000.

22.    Accordingly, the amount in controversy exceeds $75,000.

23.    Defendants have not attempted to remove this case previously.

24.    Given that the requirements for diversity of citizenship are satisfied, this case is properly removed.

25.    Venue lies within this Court under 28 U.S.C. § 1441(a) because St. Croix County (where the state action is pending) is within the Western District of Wisconsin.

26.    By removing this action, LaCasse does not waive and expressly preserves all defenses, objections, and motions, including but not limited to lack of personal jurisdiction,

insufficiency of process or service, failure to state a claim, arbitration or forum-selection rights, and any other available defenses.

WHEREFORE, LaCasse, by counsel, respectfully removes this action from the Circuit Court for St. Croix County, Wisconsin to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and requests that this Court retain jurisdiction for all further proceedings in this matter.

DATED: <u>July 31, 2026</u>                                  **MADEL PA**


By: <u>*s/ Cassandra B. Merrick*</u>
    Christopher W. Madel (230297)
    Cassandra B. Merrick (396372)
    434 Lake Street
    Excelsior, Minnesota 55331
    Telephone: 612-605-0630
    cmadel@madellaw.com
    cmerrick@madellaw.com

    *Attorneys for Defendant Jon LaCasse*